UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RUDOLPH BETANCOURT, Individually,

    Plaintiff,

vs.

                                          Case No.

TPG BOCA RATON, LLC,
a Delaware Limited Liability Company,

    Defendant.
_____/

# **COMPLAINT**
*Injunctive Relief Demanded*

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, TPG BOCA RATON, LLC, a Delaware Limited Liability Company, (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

    1.    Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm.

    2.    Defendant's property, the Renaissance Boca Raton Hotel, is located at 2000 NW 19th Street, Boca Raton, FL 33431, in the County of Palm Beach.

    3.    Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

    4.    The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq*. *See also*, 28 USC § 2201 and § 2202.

6. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

7. Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

8. Mr. Betancourt regularly drives to South Florida from Michigan, where he resides. While driving from Michigan to South Florida, Mr. Betancourt regularly visits Boca Raton along his route to South Florida for vacations and to enjoy the area's special beauty, including the shops and cultural venues and events offered generally. He also enjoys Boca Raton's beautiful beaches. He has friends and relatives in the nearby areas. His cousin, who he wants to visit, lives nearby and he also has many relatives and friends (including former Marines) in the Miami and Fort Lauderdale areas.

9. Mr. Betancourt stayed as a hotel guest at the subject hotel on July 24, 2022 which visit forms the basis of this lawsuit.

10. Mr. Betancourt plans to return to the subject hotel from January 20 through January 21, 2023, providing it is made accessible for his use to avail himself of the goods and services at the property, and to confirm the property is brought into compliance with the ADA.

11. Mr. Betancourt intends to continue to return to the South Florida area on a regular basis, the Palm Beach area in particular.

12. The barriers to access at the subject property have endangered his safety.

13. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR

36.201(a) and 36.104.

14. Defendant is responsible for complying with the obligations of the ADA.

15. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the Renaissance Boca Raton Hotel, and is located at 2000 NW 19th Street, Boca Raton, FL  33431..

16. Rudolph Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in this Complaint.

17. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

18. Mr. Betancourt desires to visit The Renaissance Boca Raton Hotel, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19. The Defendant has discriminated against the Plaintiff, by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

20. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

21. A preliminary inspection of The Renaissance Boca Raton Hotel has shown that violations exist.

**Accessible Parking**

a. The passenger loading zone does not provide a marked access aisle adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of section 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Route**

b. The hotel does not provide an accessible route within site from the accessible parking spaces to the main entrance making it difficult for the plaintiff to traverse, in violation of section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

c. The accessible route to the main entrance has vertical changes in level that exceed the maximum requirement of ¼ inch making it difficult for the plaintiff to traverse, in violation of section 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The walkway does not provide compliant clear width of 36 inches on the accessible route to the main entrance as required due to the obstruction of the bench and the planter making it difficult for the plaintiff to traverse, in violation of section 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Common Lobby Area**

e. The lowered section of the service counter top does not extend the same depth as the service counter top making it difficult for the plaintiff to utilize, in violation of section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

f. The service counter exceeds the maximum height requirement of 36 inches making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Fitness Center**

g. The fitness center entrance door's do not provide the international symbol of accessibility (ISA) making it difficult for the plaintiff to identify as an accessible entrance, in violation of section 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

h. The fitness center's entrance door hardware requires tight grasping and pinching to operate making it difficult for the plaintiff to utilize, in violation of section 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

i. The hand santizer dispenser exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the

plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Men's Public Restroom

j. The restrooms directional and informational signage does not provide braille as required making it difficult for the plaintiff to utilize, in violation of section 703.3 of the 2010 ADA Standards, whose resolution is readily achievable.

k. The lavatory does not provide knee clearance making it difficult for the plaintiff to utilize, in violation of section 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

l. The toilet compartment stall door is not self-closing as required making it difficult for the plaintiff to utilize, in violation of sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

m. The door swings into the clear floor space for an approach to the lavatory making it difficult for the plaintiff to utilize, in violation of sections 305.3, 305.5, and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Guestrooms

n. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the Standards.

### Accessible Guestroom 531

o. The guestroom signage does not contain the International Symbol of Accessibility (ISA) and braille making it difficult for the plaintiff to identify, in violation of Sections 216.2, 703.1, 703.2, 703.3, 703.5 and 703.6 of the 2010 ADA Standards, whose resolution is readily achievable.

p. The security latch exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

q. The door does not provide 18 inches of latch side maneuvering clearance parallel to the doorway making it difficult for the plaintiff to utilize, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

r. The toilet paper dispenser is not in the compliant location 7 inches minimum and 9 inches maximum in front of the toilet to the centerline of the dispenser making it difficult for the plaintiff to utilize, in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

  s. The lavatory does not provide knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of sections 306.2, 306.3, and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  t. The plainitff had to use caution when utilizng the lavatory due to the drain pipe and water supply lines being exposed and in need of insulation, in villation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  u. The toilet's missing the rear wall grab bar and side wall grab bar making it difficult for the plaintiff to utilize, in violation of sections 604.5.1 and 604.5.2 of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  v. The shower curb exceeds the maximum vertical change in level requirement of ¼ inch making it difficult for the plaintiff to utilize, in violation of section 303.2 of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  w. The standard roll-in type shower compartment is missing grab bars in the compliant locations on the walls making it difficult for the plaintiff to utilize, in violation of section 608.3.2 of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  x. The standard roll-in type shower compartment does not provide a compliant handheld shower spray unit with an on/off control with a non-positive shut-off as required making it difficult for the plaintiff to utilize, inv iolation of section 608.6 of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  y. The controls and shower spray unit are not in the compliant location on the back wall of the standard roll-in type shower compartment making it difficult for the plaintiff to utilize, in violation of section 608.5.2 of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  z. The standard roll-in type shower compartment does not provide a folding seat in the compliant location as required in transient lodging making it difficult for the plaintiff to utilize, in violation of section 608.4 of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  aa. The hanger bar and iron in the closet exceeds the maximum height of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  bb. The shelves exceed 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  cc. The mini fridge is obstructing the clear floor space for an approach to the coffee maker and cups on the counter and shelf making it difficult for the plaintiff to utilize, in violation of sections 305.3 and 305.5 of the 2010 ADA Standards, whose resolution is readily achievable.

### **Maintenance**

  dd. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

### **Policies and Procedures**

  ee. Failure to maintain policies to ensure the facility remains accessible at all times.

22. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

23. The discriminatory violations described in Paragraph 21. above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendant has discriminated against the Plaintiff by denying them access to full

and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, *et seq.* and 28 CFR 36.302, *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

26. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

27. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to

and useable by individuals with disabilities as defined by the ADA.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the The Renaissance Boca Raton Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

30. A PACER search has shown that the following prior ADA lawsuits were filed:

   a. *Cohan v. TPG Boca Raton, LLC,* Case No. 9:15-cv-80964-RLR, filed on July 14, 2015;

   b. *Cohan v. TPG Boca Raton, LLC,* Case No. 9:18-cv-81523-DMM, filed on November 6, 2018; and

   c. *Cohan v. TPG Boca Raton, LLC,* Case No. 9:20-cv-82343-AHS, filed on December 18, 2020.

**WHEREFORE,** Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

B. Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are

necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  C. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

  D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

  E. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

Dated:  August 30, 2022      Respectfully submitted,

               */s/  John P. Fuller*
               John P. Fuller, Esq.
               Florida Bar No. 0276847
               FULLER, FULLER & ASSOCIATES, P.A.
               12000 Biscayne Blvd., Suite 502
               North Miami, FL 33181
               (305) 891-5199
               (305) 893-9505 – Facsimile
               jpf@fullerfuller.com
               jpfuller17@gmail.com

               *Counsel for Plaintiff Rudolph Betancourt*